# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,

        Petitioner,

v.                                                        Case No. 11-C-865

JEFFREY PUGH,
Warden of Stanley Correctional Institution,

        Respondent.

## DECISION AND ORDER

### *RELEVANT BACKGROUND*

This Decision and Order addresses the eight motions filed by the pro se Petitioner, Steven Johnson ("Johnson"). Currently in state custody at the Stanley Correctional Institution in Stanley, Wisconsin for his 2009 conviction by the Circuit Court for Milwaukee County, Wisconsin for robbery by threat of force under Wis. Stat. § 943.32(1)(b), *see State v. Johnson*, No. 2008CF195 (Milw. Cty. Wis.), Johnson is serving a maximum sentence of 13 years, with a minimum of nine years of incarceration and a maximum of four years of extended supervision.

On September 12, 2011, pursuant to 28 U.S.C. § 2254, Johnson filed a pro se petition for writ of habeas corpus challenging his 2009 conviction. Thereafter, on September 27, 2011, the Supreme Court of Wisconsin denied Johnson's petition for review.

Prior to the Court's completion of its preliminary review of his case pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, Johnson filed four motions in this action. On October 13, 2011, Johnson filed a motion for this Court to comply with Rule 4, reminding the Court that it must promptly examine the issues. On November 16, 2011, Johnson filed a motion to disqualify Magistrate Judge Patricia J. Gorence ("Gorence"). On November 21 and 28, 2011, Johnson filed motions to disqualify this Court. Johnson's motions to disqualify are predicated on the alleged personal bias of the challenged judge.

On November 29, 2011, the Court issued a Decision and Order addressing Johnson's four motions and reflecting its Rule 4 determination. In granting Johnson's motion to comply with Rule 4, the Court noted that the primary reason for the delay in completing its preliminary Rule 4 review was the additional complexity created by Johnson's incomplete understanding of the law and lack of compliance with court formalities. The Court denied Johnson's motion to disqualify Magistrate Judge Gorence on the basis that the Respondent, Jeffrey Pugh ("Pugh"), had not filed a notice of consent or non-consent as required by 28

2

U.S.C. § 636(c) and, therefore, the case not assigned to her.[1] Johnson's two motions to disqualify this Court were denied because Johnson's allegations of bias were based solely on the delay in the issuance of the Court's decision and thus did not rise to the level of prejudice or bias that requires recusal under 28 U.S.C. § 455(b)(1).

Regarding the merits of Johnson's habeas petition, the Court found that grounds five through eight were plainly without merit and dismissed them for failure to state a cognizable claim upon which federal habeas relief may be granted. The Court ordered Pugh to file an answer to Johnson's petition as to grounds one through four. Though Pugh has not yet filed his answer, Johnson has filed eight motions following the issuance of the Court's November 29, 2011, Decision and Order.

## *ANALYSIS*

The motions before the Court relate to requests for admissions, reconsideration, disqualification, and default and default judgment. For the sake of brevity, the Court addresses Johnson's motions by consolidating them by topic.

---

[1] In addition, Magistrate Judge William E. Callahan would preside over this matter if the parties consented to the jurisdiction of the magistrate judge, because he is the magistrate judge who was assigned to this action according to the District's system for the random assignment of civil actions.

*Requests for Admission*

On December 12, 2011, Johnson filed a request for admissions. Having received no response, on January 9, 2012, Johnson filed a motion to grant his request for admissions. Thereafter, on January 13, 2012, he filed a second request for admissions. On February 13, 2012, Johnson filed a motion to grant his second request for admissions.

Johnson relies on Rule 36 of the Federal Rules of Civil Procedure as providing him with the authority to make requests for admissions. However, Johnson may not be aware that a habeas corpus petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Discovery in habeas corpus actions is extremely limited." *See Glascoe v. Bezy*, 421 F.3d 543 (7th Cir. 2005).

Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts provides for discovery in habeas corpus actions, stating that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In order to satisfy the two requirements of the Rule 6(a) test, a petitioner must: (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery. *Hubanks v. Frank,* 392 F.3d 926, 933 (7th Cir. 2004).

4

The Advisory Committee Note to the 1976 adoption of Rule 6 make it clear that discovery in habeas proceedings is subject to the discretion of the Court. The note states "This rule prescribes the procedures governing discovery in habeas corpus cases. Subdivision (a) provides that any party may utilize the processes of discovery available under the Federal Rules of Civil Procedure (rules 26-37) *if, and to the extent that, the judge allows*." (Emphasis added). Rule 6(b) further provides that "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b) of the Rules Governing Section 2254 Cases in United States District.

Johnson did not obtain permission from the Court to conduct discovery. Moreover, even if Johnson's motions to grant admissions were construed as seeking leave to pursue his first and second requests for admissions, he has not demonstrated good cause for his requests for admissions. Therefore, Johnson's motions to grant his requests for admissions are denied.

*Motion for Reconsideration*

On December 12, 2011, Johnson filed a motion for reconsideration of the Court's November 29, 2011, Rule 4 Order. On January 3, 2012, Johnson filed a motion to grant his motion for reconsideration. Johnson's motions for reconsideration do not contain any new arguments beyond those that he has previously presented.

5

Essentially, Johnson argues for reconsideration on the basis that the Court got it wrong when conducted the preliminary review of his petition. This is not a proper basis for reconsideration. "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Again we emphasize, apart from manifest errors of law, reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In his motion to grant his motion for reconsideration, Johnson argues that the Court failed to recognize controlling precedent in its preliminary review of his habeas petition. Johnson contends that this is a manifest error of law that requires reconsideration. However, none of the cases that Johnson cites in his motion for reconsideration present legal theories that conflict with the Court's preliminary analysis of the merits of his petition. Johnson's failure to correctly interpret and apply the holdings in those cases does not establish a manifest error of law by the Court. Therefore, Johnson's motions for reconsideration are denied.

*Motion to Disqualify*

On January 23, 2012, Johnson filed a second motion to disqualify this Court. The bulk of this motion argues that Pugh has failed to refute the arguments in Johnson's

motion for reconsideration and requests for admission and that those matters are therefore deemed admitted or waived. None of Johnson's arguments have any bearing on the Court's ability to decide this case impartially. Thus, they are irrelevant to his motion to disqualify.

Stripped of the extraneous contentions, the thrust of Johnson's argument is that the Court is ignoring Civil Local Rule 7.1(b) (E.D.Wis) as it pertains to the Pugh's failure to file a brief. Johnson maintains that disqualification is proper under 28 U.S.C. § 455 because the Court is refusing to apply the local rules.

The Local Rules of this District were amended effective December 1, 2010. As amended, Civil Local Rule 7.1(b) deals with disclosure statements that must accompany the first appearance, pleading, petition, motion, response, notice of removal or other request addressed to the Court and thus is not applicable to the filing of briefs. Instead, briefing of motions (other than those for summary judgment) is set forth in Civil Local Rule 7.[2] At pages three and four of its November 29, 2011, Decision and Order, this Court explained the type of personal bias that must be shown to prevail on a motion to disqualify. Johnson has not raised a specter of personal bias, and therefore, his motion to disqualify is denied.

*Motions for Default and Default Judgment*

On February 6, and 13, 2012, Johnson filed a request for entry of default and a motion for entry of default. On February 3, 6, and 13, 2012, Johnson filed motions for entry

---

[2] A copy of the District's current local rules is enclosed with Johnson's copy of this Decision and Order.

7

of default judgment by the Clerk. The grounds for Johnson's default and default judgment motions are that Pugh has failed to respond to Johnson's motion for reconsideration. Johnson requests that his habeas corpus petition be granted as a result of Pugh's failure to file a response to his motions for reconsideration.

Pursuant to the Court's January 30, 2012, Order, Pugh has until February 20, 2012, to file an answer to the petition. Pugh is not in default. Therefore, default has not been entered.

However, the time has passed for Pugh to respond to Johnson's motion for reconsideration and to grant his motion for reconsideration. Pugh has waived his opportunity to file any response to Johnson's motion for reconsideration. The reconsideration motions have been resolved in this Decision and Order, without any response by Pugh. In general, neither the entry of default nor default judgment are appropriate based on a party's failure to file a response to a motion. *See* Fed. R. Civ. P. 55.

## *CONCLUSION*

For the foregoing reasons, Johnson's eight motions are denied. However, Johnson is establishing a pattern of filing repetitious motions that also lack legal support. While the repetition may reflect Johnson's frustration with the timing of the Court's rulings, needless repetition impedes the efficient functioning of the Courts.

The Court is fully prepared and willing to adjudicate Johnson's habeas corpus claims on which he has been allowed to proceed. At this time, the next step is to await Pugh's answer.

Johnson is alerted to the fact that the Court's duty to afford Johnson his day in court is counterbalanced by the Court's constitutional duty to curb abusive, repetitive, and frivolous litigation. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *see also In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989). In appropriate cases, the Court is both empowered and encouraged to impose sanctions for frivolous litigation. *See Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004).

At this juncture, it will not exercise that authority. If, however, Johnson continues his pattern of submitting repetitive and baseless motions, the Court may re-evaluate how to most appropriately respond to Johnson's consumption of limited judicial resources by his groundless and needlessly repetitious filings. "'Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery*, 362 F.3d at 957 (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).

9

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Johnson's motion for reconsideration (Document No. 19) is **DENIED**;

2. Johnson's motion for an order (Documents Nos. 22 & 32) are **DENIED**;

3. Johnson's motion to disqualify the judge (Document No. 26) is **DENIED**;

4. Johnson's motions for default judgment as to the Respondent (Documents Nos. 29 & 31) are **DENIED**;

5. Johnson's motion for default (Documents Nos. 30 & 34) are **DENIED**; and

6. The Clerk of Court is **DIRECTED** to send a copy of this District's current local rules together with Johnson's copy of this Decision and Order.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**