# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,

               Petitioner,

-vs-

JEFFREY PUGH, Warden,
Stanley Correctional Institution,

               Respondent.

Case No. 11-C-865
(USCA No. 12-3203)
(Successive Case No. 13-C-394 )

## DECISION AND ORDER

Currently pending in this action are pro se Petitioner Steven Johnson's ("Johnson") two motions for relief from judgment, two amended motions for relief from judgment, and a motion to disqualify this Court. (ECF Nos. 83-87.) Johnson contends that his motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are not successive petitions citing *Gonzalez v. Crosby*, 545 U.S. 524, 533-35 (2005), and *Sanders v. McCaughtry,* 333 F. Supp. 2d 797 (E.D. Wis. 2004).

Johnson's current motion to disqualify this Court from deciding his motions is the fifth such motion he has filed in this action. As the Court previously informed Johnson, section 455(b)(1) of Title 28 of the United States Code provides that a judge of the United States must disqualify himself in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Actual bias or prejudice must be alleged and established by compelling

evidence. *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985). Moreover, that bias must arise from an extrajudicial source. *Hook v. McDade,* 89 F.3d 350, 355 (7th Cir. 1996). Johnson's assertions of bias are based on this Court's rulings in its August 27, 2012, Decision and Order. Such alleged bias arising in the course of proceedings is not a basis for recusal. *Id.* Therefore, Johnson's motion to disqualify this Court is denied.

In considering the proper classification of Johnson's Rule 60(b) motions, the Court recounts some relevant procedural history. On August 27, 2012, the Court entered a Decision and Order denying Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By that Decision and Order, the Court also granted Johnson's motions to amend/correct his petition, denied his motions for an evidentiary hearing and his motion for summary judgment. Final judgment was also entered. Thereafter, Johnson filed motions for new trial, to amend/correct judgment, and to disqualify judge. Following the denial of those motions by a September 14, 2012, Decision and Order, Johnson filed an appeal. The Court denied Johnson's motions for leave to proceed *in forma pauperis* on appeal, his request for a certificate of appealability, and his motion to vacate the denial of certificate of appealability. When Johnson filed his Rule 60(b) motions and amended Rule 60(b) motions, his appeal was pending. However, on April 5, 2013, the Court of Appeals for the Seventh Circuit issued its mandate denying Johnson's request for a certificate of appealability, denying Johnson's motion to proceed *in forma pauperis* and his motions to take judicial notice of case law.

-2-

Case 2:11-cv-00865-RTR   Filed 04/08/13   Page 2 of 7   Document 89

Given that background and procedural status, the Court has reviewed Johnson's motions and concludes that, despite Johnson's contentions to the contrary, his Rule 60(b) motions attack this Court's decision "on the merits" and must be treated as a new "application" for collateral review. *See Gonzalez* 545 U.S. at 533-35; *see also*, *United States v. Phillips*, 688 F.3d 433, 435 (7th Cir. 2012).

Section 2244(b)(2) of Title 28 of the United States Code states:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

These motions will be considered as collectively constituting a successive § 2254 motion, *see Phillips*, 668 F.3d at 435 (citing *Johnson v. United States*, 196 F.3d 802 (7th Cir. 1999)), the Court will direct the Clerk of Court to open Johnson's two motions for

-3-

relief from judgment and two amended motions for relief from judgment as a separate civil § 2254 action. Since Johnson has not obtained prior permission from the court of appeals, that action is dismissed for lack of jurisdiction. *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). Johnson is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244. If Johnson intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Circuit Rule 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2254, must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, this Court declines to issue a certificate of appealability. Since this Court has not issued a certificate of appealability, Johnson may not appeal this determination. However, he may seek a certificate from the Court of Appeals under Federal Rule of

Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Johnson's motion to disqualify (ECF No. 87) is **DENIED**; and

Johnson's motions for relief from judgment and amended motions for relief from judgment (ECF Nos. 83-86), are **DISMISSED**;

The Clerk of Court is **DIRECTED** to open a separate civil § 2254 action with Johnson's motions for relief from judgment and amended motions for relief from judgment and to file a copy of this Decision and Order in that action;

The successive § 2254 action (Case No. 13-C-394) is **DISMISSED** for lack of jurisdiction;

The Clerk of Court is **DIRECTED** to enter judgment accordingly; and

The Court also **DECLINES** to issue a certificate of appealability from this Order pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

-5-

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.